UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ENZI BLASIO,<br><br>        Plaintiff,<br><br>        v.<br><br>BROTHERHOOD MUTUAL INSURNACE COMPANY,<br><br>        Defendant. | CASE NO. 1:25-CV-672-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Enzi Blasio ("Blasio") is suing the Brotherhood Mutual Insurance Company ("BMIC") for employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (ECF 1). Blasio alleges that BMIC subjected him to hostile treatment, increased scrutiny, exclusion, and retaliation while working there. (ECF 1). He attached his EEOC Charge and his Notice of Right to Sue letter to his complaint. (ECF 1-1). Additionally, Blasio filed a motion for leave to proceed *in forma pauperis*. (ECF 2).

This Court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . .." 28 U.S.C. § 1915. A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line." 28 U.S.C. § 1930(f)(1)[1]. Though this is not a Bankruptcy case, the judicial

---

[1] *See also* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2025).

discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902.

Here, Blasio is single with no dependents and makes $720 per month, which annualizes to $8,640 per year. This is well below 150 percent of the 2025 Poverty Line for a one-person household in Indiana, which is $22,590. He also only has $320 in cash on hand. Thus, he is financially qualified to proceed *in forma pauperis*.

For these reasons, the Court:

(1) GRANTS Blasio leave to proceed in forma pauperis (ECF 2);

(2) DEFERS payment of the filing fee;

(3) ORDERS the plaintiff to pay the $350.00 filing fee from the proceeds of any recovery in this case; and

(4) DIRECTS, under 28 U.S.C. § 1915(d), the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) the defendant(s) at 6400 Brotherhood Way, Fort Wayne, IN 46825, with a copy of this order and the complaint.

**SO ORDERED** on January 15, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

2