**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ENZI BLASIO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:    1:25-cv-00672-HAB-ALT |
| | ) | |
| BROTHERHOOD MUTUAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Brotherhood Mutual Insurance Company ("Brotherhood"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits its Brief in Support of Motion to Dismiss ("Motion"), and states as follows:

### I.    INTRODUCTION

Plaintiff, Enzi Blasio ("Plaintiff"), acting without the assistance of counsel, filed an untimely Complaint alleging discrimination and retaliation based on race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. Plaintiff's claims are barred because she failed to file her lawsuit within the strict 90-day limitation period following receipt of her Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC").

Plaintiff filed a Charge of Discrimination with the EEOC on September 1, 2025, and, as she admitted in her Complaint, received the EEOC's Determination and Notice of Rights on September 11, 2025. Despite being expressly informed of the filing deadline, Plaintiff did not

initiate this action until December 15, 2025 – 95 days after receiving the Notice of Right to Sue and outside the EEOC's mandatory 90-day filing period.

Notably, Plaintiff's own Complaint attaches the EEOC's Determination and Notice of Rights, which warns that any lawsuit must be filed within 90 days of receipt of the notice and that the right to sue "will be lost" if suit is not filed within that timeframe. Plaintiff also attached additional EEOC materials advising that any civil action must be filed within the same 90-day period. Thus, the very documents Plaintiff relies upon in her Complaint confirm that she was advised of the strict filing deadline and the consequences of failing to comply.

It is well-established that pro se litigants are not excused from compliance with procedural rules and statutory deadlines. *McNeil v. United States,* 508 U.S. 106, 113 (1993). Because Plaintiff filed this action beyond the statutory deadline – and her own pleadings and attachments establish that fact – her claims are time-barred as a matter of law. For these reasons and those described below, Brotherhood respectfully requests that the Court dismiss Plaintiff's Complaint.

## II.    STATEMENT OF ALLEGED FACTS

Assuming the facts stated in the Complaint are true solely for the purposes of this Motion[1], the allegations against Brotherhood are as follows: Plaintiff alleges that she began working for Brotherhood on or about June 7, 2023, as a Customer Service Agent in Fort Wayne, Indiana. [Dkt. 4-2.] Plaintiff contends that during her employment, she was subjected to discrimination based on her race and national origin, including unequal treatment and conduct that interfered with her ability to perform her job. [*Id.*]

Plaintiff further alleges that she reported concerns regarding discriminatory conduct and workplace practices to management and Human Resources. [*Id.*] According to Plaintiff, after she

---

[1] Brotherhood disputes many of the Plaintiff's allegations but acknowledges they must be taken as true for purposes of the Rule 12 standard.

4926-4227-5987 v.1                      Page 2 of 6

engaged in this protected activity, she was subjected to retaliation. [*Id.*] Plaintiff asserts that the alleged discrimination and retaliation created a hostile work environment that was severe and pervasive. [*Id.*]

On or about November 6, 2024, Plaintiff submitted a written resignation with two weeks' notice. [*Id.*] Plaintiff alleges that shortly thereafter, she was instructed to leave immediately and was not permitted to complete her notice period. [*Id.*]

Relevant to the issues raised in this Motion, Plaintiff's Complaint admits that she filed a Charge of Discrimination with the EEOC on September 1, 2025, and received her Notice of Right to Sue on September 11, 2025. [*Id.*] Indeed, Plaintiff attached the EEOC's Determination and Notice of Rights ("Notice of Rights") to her Complaint, which conspicuously reads: **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** [*Id.* (emphasis in original).] The Notice of Rights further warned Plaintiff that: Your right to sue based on this charge will be lost if you do not file a lawsuit within 90 days. [*Id.*] Plaintiff also attached a document titled Information Related to Filing Suit Under the Laws Enforced by the EEOC, which again advised Plaintiff that she must file a complaint in court **within 90 days of the date she received the EEOC's official notice of dismissal.** [*Id.* (emphasis in original).]

Despite these explicit warnings, Plaintiff did not file her Complaint until December 15, 2025– 95 days after receiving her Notice of Right to Sue.

### III.    ARGUMENT

A. <u>Standard of Review.</u>

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is legally sound and plausible on its face. *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts need not accept the truth of mere legal conclusions. *Iqbal*, 556 U.S. at 678-79. "[I]f a plaintiff pleads facts that show its suit [is] barred . . . it may plead itself out of court under a Rule 12(b)(6) analysis." *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995) (citation omitted).

Failure to file a lawsuit within the proper statute of limitations is an affirmative defense. 42 U.S.C. § 2000e-5(f)(1); *U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). However, resolution is proper at the motion to dismiss stage if the litigant "plead[s] [herself] out of court by alleging (and thus admitting) the ingredients of a defense." *U.S. Gypsum Co.*, 350 F.3d at 626.

Additionally, it is well-established that pro se litigants are not excused from compliance with procedural rules or statutory deadlines. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *McNeil,* 508 U.S. at 113 (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Aku v. Chicago Board of Education*, 290 F.Supp.3d 852, 859 (N.D. Ill. 2017) (same). Courts in this Circuit consistently hold that pro se litigants must adhere to statutory filing requirements. *McNeil*, 508 U.S. at 113; *Pearle Vision*, 541 F.3d at 758.

Because Plaintiff's own allegations and attachments establish that she failed to comply with the EEOC's filing deadline, dismissal is warranted.

B.  Plaintiff's Title VII Claims Are Untimely and Must Be Dismissed

A plaintiff asserting claims under Title VII must file a complaint within 90 days after receiving the Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000e-f(5)(1). The Seventh Circuit strictly enforces this requirement. *See Threadgill v. Moore, U.S.A., Inc.*, 269 F.3d 848 (7th Cir. 2002); *Houstin v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999) (Under Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue).

Failure to file suit within the 90-day period renders a Title VII claim untimely and subject to dismissal. *EEOC v. Harris Chernin, Inc.*, 10 F.3d 1286, 1288 n.3 (7th Cir. 1993) ("In order to maintain a claim under Title VII, a plaintiff must file charges with the EEOC, receive a Right–To–Sue Letter, and act upon it. If these jurisdictional elements are not met, the action will be dismissed."); *see also Jones v. Madison Serv. Corp.,* 744 F.2d 1309, 1314 (7th Cir. 1984) (action commenced *92 days* after Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights was untimely, and equitable tolling did not apply).

Here, Plaintiff's own Complaint establishes that her claims are time-barred. Plaintiff admits that she received the EEOC's Notice of Rights on September 11, 2025. [Dkt. 4-2.] Plaintiff therefore had 90 days – until December 10, 2025 – to file suit. Plaintiff did not initiate this action until December 15, 2025, 95 days after receiving the Notice of Rights and 5 days after the statutory deadline expired. The untimeliness of Plaintiff's claims is apparent from the face of the Complaint. As a result, Plaintiff has pled herself out of court. *Whirlpool Fin. Corp.*, 67 F.3d at 608.

### IV.    CONCLUSION

For the foregoing reasons, Brotherhood respectfully requests that the Court grant its Motion to Dismiss, enter judgment in favor of Brotherhood and against Plaintiff, and dismiss Plaintiff's Complaint against Brotherhood.

Respectfully submitted,

**BARRETT MCNAGNY, LLP**

*/s/ Sarah L. Schreiber*
Sarah L. Schreiber, #31416-64
Stephanie Nuevo, #39948-02
215 East Berry Street
P.O. Box 2263
Fort Wayne, IN 46801-2263
Telephone: (260) 423-9551
FAX: (260) 423-8920
E-mail: sls@barrettlaw.com
E-mail: sn@barrettlaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of March, 2026, electronically filed the foregoing with the Clerk of the Court using the CM/ECF and mailed a copy of the foregoing via U.S. mail to the following:

Enzi Blasio
PO Box 274
Roanoke, IN 46783
*Pro Se Plaintiff*

/s/ *Sarah L. Schreiber*
Sarah L. Schreiber

4926-4227-5987 v.1                    Page 6 of 6