**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF INDIANA**

**FORT WAYNE DIVISION**

-FILED-

APR 13 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ENZI BLASIO,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No.: 1:25-cv-00672-HAB-ALT
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
BROTHERHOOD MUTUAL⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
INSURANCE COMPANY⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

⠀⠀Defendant.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff, Enzi Blasio, respectfully submits this Response in Opposition to Defendant's Motion to Dismiss. Defendant seeks dismissal based solely on the assertion that Plaintiff failed to file her Complaint within ninety days of receiving the Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue.

Defendant's argument rests on the incorrect assumption that Plaintiff received the EEOC notice on September 11, 2025. That date reflects, at most, the issuance or transmission date of the notice, not the date of Plaintiff's actual receipt.

Plaintiff did not receive or access any mailed EEOC notice until on or about September 24, 2025. At minimum, the timing of receipt presents a factual dispute that cannot be resolved at the motion to dismiss stage. Accordingly, Defendant's Motion must be denied.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At this stage, the Court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Dismissal on statute of limitations grounds is appropriate only where the complaint conclusively establishes that the claim is time-barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674–75 (7th Cir. 2009).

## III. ARGUMENT

### A. The Date of Receipt of the EEOC Notice is Disputed

Defendant asserts that Plaintiff received the EEOC Notice on September 11, 2025. Plaintiff disputes that assertion. While the EEOC may have issued or transmitted the notice on that date, Plaintiff did not receive or access any mailed notice at that time. Courts recognize that the ninety-day filing period begins upon actual receipt of the notice, not merely when it is sent. *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999). At minimum, this creates a factual dispute regarding the date of receipt that cannot be resolved on a motion to dismiss.

### B. Plaintiff Did Not Access or Receive Mail Until September 24, 2025

On **September 4, 2025**, Plaintiff was the victim of a physical assault resulting in a concussion and requiring emergency medical treatment. Following this incident, Plaintiff was displaced from her residence and could not safely return, which disrupted her access to mail associated with that address.

Although the EEOC sent correspondence to Plaintiff's prior residential address, Plaintiff did not receive mail at that location and instead relied on mail forwarding to a post office box used by Plaintiff and her family. During the relevant period, Plaintiff did not have access to that post office box due to nonpayment and resulting access restrictions. On or about September 24, 2025, Plaintiff went to the post office and was required to make a payment to restore access to the mailbox before retrieving any mail. After making that payment, Plaintiff was provided with accumulated mail that had not been accessed prior to that date.

Plaintiff has documentation confirming the payment made on September 24, 2025. These facts demonstrate that Plaintiff could not have received or accessed any mailed correspondence, including the EEOC Notice of Right to Sue, prior to that date. See Exhibit C.

### C. Plaintiff's Complaint Was Timely Filed

Because Plaintiff did not receive the EEOC notice until on or about September 24, 2025, the ninety-day filing period would extend to approximately December 23, 2025. Plaintiff filed her Complaint on December 15, 2025, within that period. Accordingly, Plaintiff's filing was timely.

### D. The Issue Cannot Be Resolved at the Motion to Dismiss Stage

Even if the Court were to question the precise date of receipt, dismissal is improper.

Where there is a dispute regarding when a plaintiff received a right-to-sue notice, courts deny motions to dismiss because such issues require factual development. *See St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316–17 (7th Cir. 1984).

Here, Defendant's argument depends entirely on a disputed factual assumption regarding receipt. That issue cannot be resolved on the pleadings.

### E. Plaintiff's Prior Reference to September 11 Does Not Establish Receipt

Defendant relies on Plaintiff's earlier reference to September 11, 2025. That reference reflects the date listed on the EEOC notice, not an admission of actual receipt. Plaintiff did not have access to her mail during this period and did not retrieve any correspondence until September 24, 2025. Accordingly, that reference does not conclusively establish receipt.

### F. Plaintiff Acted Diligently

Even after regaining access to her mail, Plaintiff continued to experience the effects of her injuries and housing instability resulting from the September 4, 2025 assault, including displacement from her residence and disruption of normal living arrangements. Plaintiff acted reasonably and in good faith under the circumstances and filed her Complaint within the applicable statutory period. The brief period between regaining access to her mail and filing reflects the time necessary to stabilize her circumstances and prepare her filing, not delay or neglect.

### G. Equitable Considerations Independently Preclude Dismissal

Even if the Court were to find ambiguity regarding the timing of receipt, equitable tolling applies. Equitable tolling is appropriate where a plaintiff is prevented from timely filing due to extraordinary circumstances despite acting diligently. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). Here, Plaintiff's medical condition and lack of access to her mail constitute extraordinary circumstances justifying tolling.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied. At minimum, the issue of when Plaintiff received the EEOC Notice presents a factual dispute that precludes dismissal at this stage.

Dated: __4/13/2026__

Respectfully submitted,

_____

Enzi Blasio

Plaintiff, Pro Se