**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ENZI BLASIO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:    1:25-cv-00672-HAB-ALT |
| | ) | |
| BROTHERHOOD MUTUAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant, Brotherhood Mutual Insurance Company ("Brotherhood"), by counsel, and hereby submits its Reply Brief in Support of Motion to Dismiss (the "Motion") pursuant to N.D. Ind. Local Rule 7 and states as follows:

### I.    INTRODUCTION

Plaintiff's response to Brotherhood's Motion fails to cure the dispositive defect in her Complaint: she filed this action outside the mandatory 90-day limitations periods. Plaintiff affirmatively alleged in her Complaint that she received her Notice of Right to Sue on September 11, 2025, yet did not file suit until December 11, 2025 – rendering her claims untimely on the face of the Complaint.

Plaintiff attempts to avoid dismissal by contradicting her own allegations and invoking equitable tolling. Neither argument has merit. Because the untimeliness of Plaintiff's claims is apparent from her own allegations, and, in the alternative, she has not advanced the support necessary for equitable tolling, dismissal under Rule 12(b)(6) is proper.

4906-4254-8642 v.1                                Page 1 of 6

## II.    ARGUMENT

A.  Plaintiff Received Her Notice of the Right to Sue Letter on September 11, 2025.

Plaintiff's own allegations establish that she "*received*" her Notice of Right to Sue on September 11, 2025 – the same date the EEOC issued the Notice. [Dkt. 4-2.] This is not coincidental.

Notably, Plaintiff electronically signed her EEOC Charge, which necessarily required her to provide an email address and utilize the EEOC's Public Portal. Under the EEOC's established procedures, charges are transmitted electronically for review and signature through the Public Portal, and parties who utilize the system receive automated email notifications when documents – including Notices of Right to Sue – are issued and available for access.[1]

Thus, where – as here – a complainant electronically signs and files a charge, the EEOC's issuance of a Notice of Right to Sue triggers contemporaneous electronic notice via email and portal access. This is consistent with Plaintiff's own allegation that she "*received*" the Notice of Right to Sue on September 11, 2025 – the same date it was issued. [Dkt. 4-2.] Put simply, Plaintiff alleged as much because she indeed received the Notice electronically on that date.

Because Plaintiff received her Notice of Right to Sue on September 11, 2025, she was required to file suit within 90 days – by December 10, 2025. She did not, rendering dismissal appropriate.

---

[1] Brotherhood requests the Court take judicial notice of EEOC materials reflecting its electronic charge and notification procedures, including the use of the Public Portal and automated email notifications, and has submitted herewith a motion requesting such judicial notice. Pursuant to Federal Rules of Evidence 201(b)(2), the Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Taking judicial notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

B.  <u>Plaintiff Cannot Avoid Dismissal by Contradicting Her Complaint.</u>

Plaintiff's response to Brotherhood's Motion attempts to avoid dismissal by asserting that she did not actually receive the EEOC's Notice of Right to Sue until September 24, 2025. [Dkt. 16, pp. 2-3.] That argument fails because it directly contradicts her Complaint.

Plaintiff affirmatively alleged that she received her Notice of Right to Sue on September 11, 2025. [Dkt. 4-2.] Based on that pleaded receipt date, her claims are untimely on the face of the Complaint. Plaintiff now contends that September 11, 2025 merely reflects the date the EEOC issued the Notice of Right to Sue, not the date of receipt. [Dkt. 16, p 2.] But that is not what she affirmed with the Court. Her Complaint indeed identifies September 11, 2025 as the date she *received* notice. [Dkt. 4-2.]

Plaintiff cannot now recast the allegation to avoid its legal consequences. The Seventh Circuit has made clear that facts alleged by a plaintiff in a brief in opposition to dismiss may be considered when evaluating the sufficiency of a complaint *so long as they are consistent with the allegations in the complaint*. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (emphasis added). Because Plaintiff's new assertion is inconsistent with – and irreconcilable with – her pleaded receipt date, it should not be considered. Plaintiff has pled herself out of court. *See Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Plaintiff's reliance on *St. Louis v. Alverno Coll.*, 744 F.2d 1314 (7th Cir. 1984) is misplaced and does not stand for the proposition Plaintiff advances. [Dkt. 16, p. 3.] In fact, *St. Louis* reinforces that dismissal is proper here. There, the Seventh Circuit held that the ninety-day period began to run when the EEOC notice was *delivered to the most recent address* provided by the plaintiff and affirmed dismissal where the plaintiff failed to timely file after neglecting to update her address

4906-4254-8642 v.1                    Page 3 of 6

with the EEOC. *Id.* at 1316-17. In doing so, the court made clear that plaintiffs bear responsibility for ensuring receipt of EEOC communications and complying with statutory deadlines.

C.  <u>Alternatively, Plaintiff Cannot Establish Equitable Tolling.</u>

Even setting aside Plaintiff's contradictory allegations, her arguments reduce to a request for equitable tolling, which arguments fail.

Equitable tolling applies only where a plaintiff shows both diligence and extraordinary circumstances beyond her control that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014); *Dent v. Charles Schwab & Co.*, 2024 WL 1344017, No. 1:23-cv-01167-MPB-MG, at *2 (S.D. Ind. Feb. 27, 2024), aff'd, 121 F.4th 1352 (7th Cir. 2024).

Plaintiff cannot satisfy either requirement. She admits that she lacked access to her mail due to her own failure to pay for her post office box. [Dkt. 16, p. 2.] That circumstance was within her control and does not constitute an extraordinary barrier. Nor does it demonstrate diligence. To the contrary, Plaintiff acknowledges that she regained access only after making payment on September 24, 2025, confirming that any delay was the result of her own inaction. [Dkt. 16, p. 2.] Allowing equitable tolling on that basis would effectively permit plaintiffs to extend statutory deadlines at will by choosing when to retrieve their own mail. Such a rule would eviscerate the purpose of the EEOC's 90-day filing requirement, which is intended to provide a clear and predictable deadline for all.

Plaintiff also references an assault on September 4, 2025, stating that she thereafter forwarded her mail to a post office box and "continued to experience the effects" of her injuries. [Dkt. 16, pp. 2-3.] Brotherhood does not minimize the seriousness of such an allegation, and recognizes that no one deserves to undergo such treatment. However, even accepting Plaintiff's

4906-4254-8642 v.1                    Page 4 of 6

contentions as true, she does not claim that the incident prevented her from receiving or acting upon the EEOC's Notice of Right to Sue, and by her own account, the incident occurred before the Notice issued on September 11, 2025. [Dkt. 16, p. 2.]

Nor do Plaintiff's allegations establish the type of incapacity required for equitable tolling. Plaintiff did not seek further treatment until September 16, 2025, when she (apparently one time) visited a walk-in clinic. And, the only documentation she provides is a note indicating that she could return to work on September 25, 2025. [Dkt. 16, Ex. B.] While Plaintiff states that she continued to experience the effects of her injuries, [Dkt. 16, p. 3], those generalized assertions – without more – do not demonstrate an extraordinary circumstance or explain her failure to timely file.

Courts in this Circuit have rejected equitable tolling under more compelling circumstances. In *Burt v. Summit City Nursing Home & Rehab*, for example, the court declined to apply equitable tolling where the plaintiff's counsel underwent quadruple bypass surgery and experienced a prolonged period of medically required inactivity during recovery. 2018 WL 5249908, No.: 1:18-CV-250, at *2 (N.D. Ind. Oct. 22, 2018). Likewise, in *Threadgill v. Moore U.S.A, Inc*., on which Plaintiff attempts to rely, the Seventh Circuit held that a plaintiff's failure to understand the implications of an EEOC right-to-sue notice did not justify equitable tolling. 269 F.3d 848, 850-51 (7th Cir. 2001); [Dkt. 16, p. 3].

Plaintiff's circumstances – her admitted failure to maintain access to her mail coupled with vague assertions regarding effects from a pre-notice incident – fall short of the *extraordinary* circumstances required for equitable tolling. Accordingly, equitable tolling does not apply. The operative deadline for Plaintiff to file suit was December 10, 2025, but she did not initiate this action until December 15, 2025 – 95 days after receiving her Notice of Right to Sue letter and five

days after the statutory deadline expired. Because the untimeliness of Plaintiff's claims is apparent from the face of the Complaint, and no evidence has demonstrated otherwise, dismissal is warranted.

### III.    CONCLUSION

For the foregoing reasons, Brotherhood respectfully requests that the Court grant its Motion to Dismiss, enter judgment in favor of Brotherhood and against Plaintiff, and dismiss Plaintiff's Complaint against Brotherhood.

Respectfully submitted,

**BARRETT MCNAGNY, LLP**

*/s/ Sarah L. Schreiber*
Sarah L. Schreiber, 31416-64
Stephanie Nuevo, 39948-02
215 East Berry Street
P.O. Box 2263
Fort Wayne, IN 46801-2263
Telephone: (260) 423-9551
FAX: (260) 423-8920
E-mail: sls@barrettlaw.com
E-mail: sn@barrettlaw.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that I have this 20th day of April, 2026, electronically filed the foregoing with the Clerk of the Court using the CM/ECF and mailed a copy of the foregoing via U.S. mail to the following:

Enzi Blasio
PO Box 274
Roanoke, IN 46783
*Pro Se Plaintiff*

/s/ *Sarah L. Schreiber*
Sarah L. Schreiber

4906-4254-8642 v.1                    Page 6 of 6