**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

ENZI BLASIO,

      Plaintiff,

      v.

      CASE NO. 1:25-CV-672-HAB-ALT

BROTHERHOOD MUTUAL INSURNACE
COMPANY,

      Defendant.

## OPINION AND ORDER

Pro se Plaintiff Enzi Blasio ("Blasio") is suing Brotherhood Mutual Insurance Company ("Brotherhood Mutual") for employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (ECF 1). Blasio alleges Brotherhood Mutual subjected her to hostile treatment, increased scrutiny, exclusion, and retaliation while working there. (*Id.*). Brotherhood Mutual now moves to dismiss Blasio's complaint, arguing her claim is time-barred. (ECF 11). The motion is now fully briefed and ripe for ruling. (ECF 12, 16, 19).

## FACTUAL BACKGROUND

Brotherhood Mutual's motion focuses exclusively on the timeliness of Blasio's complaint, not the legal sufficiency of her Title VII claims. As such, the Court recounts only the facts relevant to the motion to dismiss:

On September 1, 2025, Blasio filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") detailing her claims of discrimination. (ECF 1, at 1; 1-1, at 3–6). The EEOC promptly sent her a Notice of Right to Sue letter dated September 11, 2025. (ECF 1, at 1; ECF 1-1, at 7). The letter informed Blasio that she had ninety days from the day she received it to file a lawsuit. (ECF 1-1, at 7); *see also* 42 U.S.C. § 2000e-5(f)(1). Blasio filled out her

complaint on a court-provided form, which asks her to separately identify the date on the Notice of Right to Sue letter and the day she received it. (ECF 1, at 1). Blasio's complaint states that she received the letter on September 11, 2025, the same day the EEOC sent it. (*Id.*). Despite the letter's warning, Blasio did not file her lawsuit until December 15, 2025, ninety-five days later. (*Id.*). Brotherhood Mutual now moves to dismiss, arguing Blasio's claims are time-barred. (ECF 11).

In her response to Brotherhood Mutual's motion to dismiss, Blasio includes additional facts accompanied by exhibits. (ECF 16, 16-1). Despite saying in her complaint that she received the letter on September 11, Blasio now disputes that. (ECF 16, at 2). She says on September 4, 2025, she was the victim of a physical assault that required emergency medical treatment. (*Id.*). This assault led to Blasio's displacement from her address at that time. (*Id.*). As a result, she set up mail forwarding from her prior address to a P.O. Box used by her family, disrupting her access to her mail for several weeks. (*Id.*). The EEOC sent the Notice of Right to Sue letter to her prior address, which was then forwarded to the P.O. Box. (*Id.*). But during that time, Blasio did not have access to the P.O. box because of non-payment. (*Id.*).

## **DISCUSSION**

To survive a motion to dismiss, a plaintiff's complaint must state a claim for which the Court could grant relief. Fed. R. Civ. P. 12(b)(6). The factual allegations in the complaint must also "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Blasio is representing herself, the Court must liberally construe her complaint and hold it to a "less stringent standard[] than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

2

Blasio alleges racial and national origin discrimination and retaliation under Title VII. "A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849–50 (7th Cir. 2001) (citing 42 U.S.C. § 2000e-5(f)(1)). This 90-day limitation "begins to run on the date that the EEOC right-to-sue notice is *actually received*." *Id.* (emphasis added). "[C]omplaints need not anticipate and attempt to plead around defenses." *United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004). Accordingly, motions to dismiss based on failure to comply with the statute of limitations should only be granted in cases where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014).

Here, Blasio's response added new facts and an argument that equitable tolling applies. She is entitled to equitable tolling if she shows (1) that she has been pursuing her rights diligently and (2) some extraordinary circumstance stood in her way and prevented timely filing. *Dent v. Charles Schwab & Co.*, No. 1:23-CV-01167-MPB-MG, 2024 WL 1344017, at *2 (S.D. Ind. Feb. 27, 2024), *aff'd*, 121 F.4th 1352 (7th Cir. 2024) (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010)). "When a plaintiff raises equitable tolling in opposition to a motion to dismiss, the district court's task is limited to determining whether the plaintiff might show that he satisfies the conditions for equitable tolling on a full record." *Watkins v. Mohan*, 144 F.4th 926, 942 (7th Cir. 2025). If so, then "the plaintiff's claim is not indisputably time-barred" and "dismissal for untimeliness under Rule 12(b)(6) is inappropriate." *Id.* (internal quotations omitted). In such a case, a plaintiff "may, in [their] brief, hypothesize facts that if proven would establish the timeliness of [their] complaint." *Id.* at 943. The plaintiff would not need to subsequently "amend [their] complaint with new facts or submit evidence in support of [their] factual allegations." *Id.*

3

Since Blasio's complaint lists a receipt date of September 11, Blasio's claim would ordinarily be time-barred. But because the additional facts she has provided could affect the timeliness question, *Watkins* instructs that the Court take a different course. The Court's only task is to determine "whether the plaintiff *might* show that [s]he satisfies the conditions for equitable tolling on a full record." *Watkins*, 144 F.4th at 942 (emphasis added).

Here, Blasio alleges she was the victim of a physical assault that kept her out of work for weeks and displaced her from her residence at the time. She says this prevented her from receiving the Notice of Right to Sue letter until September 24. Blasio also ensured she would eventually receive the letter by setting up mail forwarding to a P.O. Box once she was displaced. These new facts, viewed in the light most favorable to Blasio, demonstrate that she may qualify for equitable tolling.

Brotherhood Mutual's arguments against equitable tolling at this stage—focused on whether her circumstances were sufficiently extraordinary or her efforts sufficiently diligent— would require the Court to weigh the evidence against Blasio in a way that would not be appropriate on a motion to dismiss. *White v. United Airlines, Inc.*, 987 F.3d 616, 620 (7th Cir. 2021) (noting that courts ruling on motions to dismiss must "accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor"). Accordingly, because Blasio has established a plausible case for equitably tolling the statute of limitations, her claim can proceed.[1]

---

[1] Under Federal Rule of Evidence 201(b)(2), the Court takes judicial notice of the EEOC's electronic charge and notification procedures as explained by Brotherhood Mutual. Other cases in the Seventh Circuit have dealt with how to approach the electronic notification system and determining the date of actual receipt for the *electronic* notice letter. *See Lax v. Mayorkas*, 20 F.4th 1178, 1183 (7th Cir. 2021); *Beeler v. Union Pac. R.R. Co.*, No. 22 C 136, 2024 WL 4225958, at *11 (N.D. Ill. Sept. 18, 2024); *Taylor v. Nw. Mem'l Hosp.*, 521 F. Supp. 3d 714, 716–18 (N.D. Ill. 2021). Blasio may well have received electronic notice on September 11. If discovery reveals that she did, her claim would still be time-barred. *Lax*, 20 F.4th at 1183 (holding that the date the electronic notice via email is received, not the date the notice is opened, triggers the start of the 90-day filing window). But that cannot be conclusively established yet here at the pleadings stage.

## <u>CONCLUSION</u>

For these reasons, Brotherhood Mutual's Motion to Dismiss (ECF 11) is DENIED.

**SO ORDERED** on July 9, 2026.

_s/ Holly A. Brady_
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT